PARRO, J.
 

 In this forfeiture proceeding initiated by the State of Louisiana under LSA-R.S. 40:2601,
 
 et seq.,
 
 Terrance Martin appeals a judgment dismissing his claim that his property was not subject to forfeiture and ordering the forfeiture of his property. We affirm the judgment.
 

 BACKGROUND
 

 On December 4, 2008, Louisiana State Police (LSP) Trooper Chris Anderson pulled over a vehicle for improper lane usage. The car was being driven by Martin; he had a passenger with him. The two occupants appeared nervous and gave differing accounts of their travel purposes, so Trooper Anderson obtained written consent from Martin to search the vehicle. During the search, Martin verbally withdrew his consent. Given these circumstances, Trooper Anderson called for another trooper to assist with a K-9 investigator, and LSP K-9 “Bruno” alerted to the presence of illegal narcotics in the trunk of the car. A subsequent search revealed an inoperable VCR player in the trunk with $46,750 hidden in the VCR player. The money had been separated by denominations, bundled into stacks held by rubber bands, and enclosed in plastic Ziploc bags. When removed from the bags, the money smelled of marijuana. Martin and his passenger were both arrested and questioned. Neither could satisfactorily explain the origin of the money, so it was seized pending forfeiture. A “Notice of Pending Forfeiture” was prepared and given to Martin by LSP Trooper Steven Linn. Martin’s signature accepting personal service of the Notice was dated December 4, 2008. Trooper Linn and a witness also signed the Notice on December 4, 2008, and the assistant district attorney signed it on December 11, 2008.
 

 In a certified letter to the St. Tammany Parish District Attorney’s office dated January 7, 2009, Attorney Chris Richard sent a “Notice of Filing Claim” and “Claim of Seized Property” on Martin’s behalf. The letter indicated the notice and claim had also been forwarded to the seizing agency, the Louisiana State Police Asset Forfeiture Unit. The return receipt for the letter showed it was delivered to the district attorney’s office in Covington on January 9, 2009. A petition for forfeiture was filed by the State on February 4, 2009, along with an exception of no cause of action. The exception alleged that Martin’s claim was untimely, because it was not filed within thirty days after Notice of Pending Forfeiture, as required by law. After a hearing, the court sustained the exception and entered a judgment of forfeiture of the funds.
 

 
 *1025
 
 In this appeal, Martin claims the notice was defective, because it was not signed by the district attorney until December 11, 2008. Therefore, when the notice was given to him, it had no legal efficacy. He also claims the service was improper, because it was not. served by the sheriff, as required by LSA-C.C.P. art. 1291. Therefore, he contends the court erred in’ sustaining the exception of no cause of action and ordering the civil forfeiture of the funds seized from him.
 

 ANALYSIS
 

 The “Seizure and Controlled Dangerous Substances Property Forfeiture Act of 1989” (the Act), LSA-R.S. 40:2601-2622, allows law enforcement officials to seize illegal drugs and property constituting the proceeds of any drug-related conduct punishable by confinement for more than one year under LSA-R.S. 40:961,
 
 et seq. See
 
 LSA-R.S. 40:2603, 2604, and 2606. Only certain property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband, as described in LSA-R.S. 40:2604. Additionally, a property interest may be exempt from forfeiture if its owner can establish certain facts, pursuant to LSA-R.S. 40:2605. According to LSA-R.S. 40:2609(A)(2), an owner of or an interest holder in the property may elect to file a claim within thirty days after the Notice of Pending Forfeiture or a request for a stipulation of exemption with the district attorney within thirty days after the notice. Such claim or request must comply with the requirements for claims in LSA-R.S. 40:2610, which states, in pertinent part:
 

 A. Only an owner of or interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
 

 With reference to Martin’s argument concerning the signature of the district attorney on the Notice of Pending Forfeiture, we find no requirement in the Act for the district attorney to sign the notice prior to its being given to the property owner. Louisiana Revised Statute 40:2606 governs the actual seizure of property, and allows seizure for forfeiture by any law enforcement agency designated by the district attorney. Revised Statute 40:2607(B)(2) states that the district attorney or his designee may place the property under constructive seizure by giving Notice of Pending Forfeiture to its owner.
 

 As to service of the notice, Revised Statute 40:2608(3)(a) states that whenever Notice of Pending Forfeiture is required, notice or service shall be given to an owner whose name and current address are known by either personal service on the owner or by mailing a copy of the notice to the owner by certified mail. Moreover, LSA-C.C.P. art. 1232 provides that personal service is made when a proper officer tenders the citation or other process to the person to be served. Although Martin argues that service had to be made by the sheriff of the parish, LSA-C.C.P. art. 1291 states that, “[e]xcept as otherwise provided by law,” service is to be made by the sheriff. The Act provides specific instructions for service of a Notice of Pending Forfeiture; therefore, those instructions control the method of service when civil seizure and forfeiture is commenced under the authority of the Act. In this case, the designated law enforcement officer gave Martin the notice, and Martin signed it, acknowledging receipt of personal service. Since the Act allows personal service of the notice and Martin was per
 
 *1026
 
 sonally served by the designated law enforcement agent in accord with LSA-R.S. 40:2607(B)(2) and 2608(3)(a), we find no defect in the service of the notice on Martin.
 

 Martin acknowledged personal service of the notice on December 4, 2008. Under LSA-R.S. 40:2609(A)(2) and 2610(A), he had thirty days from that date, or January 3, 2009, within which to mail his claim that his property was not subject to seizure and forfeiture.
 
 See
 
 LSA-C.C.P. art. 5059. January 3, 2009, fell on a Saturday, so his claim would have been timely if it had been mailed on January 5, 2009. Since the letter was dated January 7, 2009, it could not have been mailed before that date. Therefore, it was not timely.
 

 However, the State did not file a peremptory exception raising the objection of prescription or peremption, but raised the objection of no cause of action. A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant.
 
 Ramey v. DeCaire,
 
 03-1299 (La.3/19/04), 869 So.2d 114, 118. The purpose of an exception raising the objection of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition. For the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.
 
 City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist,
 
 93-0690 (La.7/5/94), 640 So.2d 237, 241; see LSA-C.C.P. arts. 927 and 931. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. The burden of demonstrating that no cause of action has been stated is on the party filing the exception.
 
 Home Distribution, Inc. v. Dollar Amusement, Inc.,
 
 98-1692 (La.App. 1st Cir.9/24/99), 754 So.2d 1057, 1060.
 

 The reviewing court conducts a
 
 de novo
 
 review of a trial court’s ruling sustaining an exception raising an objection of no cause of action, because the objection raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 
 B & C Elec., Inc. v. East Baton Rouge Parish Sch. Bd.,
 
 02-1578 (La.App. 1st Cir.5/9/03), 849 So.2d 616, 619. In ruling on an exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if he proves the factual allegations in the petition at trial.
 
 United Teachers of New Orleans v. State Bd. of
 
 Elementary
 
 and Secondary Educ.,
 
 07-0031 (La.App. 1st Cir.3/26/08), 985 So.2d 184, 193. When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated.
 
 Brister v. GEICO Ins.,
 
 01-0179 (La.App. 1st Cir.3/28/02), 813 So.2d 614, 617.
 

 In this case, the State’s exception of no cause of action was not raised in response to a petition, but in response to Martin’s claim that his property was not subject to forfeiture. Treating that claim as a petition for purposes of analyzing the exception of no cause of action,
 
 [1]
 
 we note that Martin averred that he was the owner
 
 *1027
 
 of or interest holder in property seized for forfeiture, described as $46,750 in U.S. Currency, and that he was entitled to the immediate release of the property, without cost to him, in that the property was not contraband, derivative contraband, or property related to contraband. He further claimed that the property was gained through lawful transactions, that it was not derived from drug transactions, and that it was not used or intended to be used to facilitate such activity. Accepting all of these allegations as true, the claim clearly states a cause of action for the return of money taken from him, because the money was legally obtained by him and was not derived or used for illegal drug transactions. Therefore, the trial court erred in sustaining the exception of no cause of action.
 
 [2]
 

 Our inquiry does not end there, however, because we are still faced with the fact that Martin’s claim was untimely. The Louisiana Supreme Court recently examined the Act, noting the following concerning failure to meet the requirements for filing a timely, valid claim:
 

 The mandatory, plain-language requirements for the filing of a timely, valid claim or request for stipulation are clear and, if not met, carry significant consequences. La. R.S. 40:2610 clearly establishes a thirty-day filing deadline that cannot be extended under any circumstances; prescribes the necessary form of the claim; and sets forth the required content of the averments with unambiguous specificity. The failure to fulfill any of these requirements— whether it be missing the deadline, filing a claim not in affidavit form, or not setting forth the necessary averments— precludes the owner or interest holder from further participation in the forfeiture proceeding. As the Act makes plain, when “no request for stipulation or claim is filed timely, the district attorney shall proceed as provided in Sections 2615 and 2616.”
 
 See
 
 La. R.S. 40:2609. La. R.S. 40:2615(A) provides in pertinent part: “If no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to Section 2616 of this Chapter. Upon a determination by the court that the district attorney’s written application established the court’s jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state.”
 

 State v. 2003 Infiniti,
 
 27 So.3d at 834. Under LSA-R.S. 40:2615(A), in a judicial
 
 in rem
 
 forfeiture case in which no claim is timely filed, the burden of proof for forfeiture shall be probable cause. If the district attorney meets his burden of proof, the court must order the property forfeited to the State.
 
 See
 
 LSA-R.S. 40:2615(A).
 

 Probable cause is a standard of proof which is less than preponderance, but more than suspicion.
 
 State v. Seventy-Seven Thousand Fourteen & No/100 ($77,014.00) Dollars,
 
 607 So.2d 576, 582 (La.App. 3rd Cir.1992). There is no prerequisite that a crime be proved before property is subject to confiscation. In a civil forfeiture action, the government need not bring criminal charges, either before or after the forfeiture. It can seize assets without ever bringing a criminal charge
 
 *1028
 
 against anyone involved with the asset. In fact, the government not only has no duty to prove beyond a reasonable doubt that a crime was committed, it also has no duty to prove a crime by clear and convincing evidence or even by a preponderance of the evidence. The government must only prove that there was probable cause to believe that the property was used in connection with a crime.
 
 State v. Edwards,
 
 00-1246 (La.6/1/01), 787 So.2d 981, 990.
 

 The government bears the initial burden of proving probable cause to connect the currency to some form of criminal wrongdoing. However, it is not necessary that the government trace the currency to a particular drug transaction. Probable cause is a reasonable ground for belief of guilt, supported by less than
 
 pri-ma facie
 
 proof but more than mere suspicion. It may be established by demonstrating, by some credible evidence, the probability that the money was in fact drug related. Probable cause can be established by circumstantial or hearsay evidence.
 
 U.S. v. One 1987 Mercedes 560 SEL,
 
 919 F.2d 327, 331 (5th Cir.1990);
 
 State v. $8,000.00 U.S. Currency,
 
 02-0224 (La.App. 3rd Cir.10/2/02), 827 So.2d 634, 640.
 

 Trooper Steven Linn stated in his affidavit that Trooper Anderson stopped the vehicle being driven by Martin for improper lane use. While speaking with Martin, Trooper Anderson observed that Martin appeared very nervous and that he and his passenger had conflicting stories concerning the purpose of their travel. Trooper Anderson asked to search the vehicle, and Martin gave written consent. Shortly thereafter, Martin verbally revoked the consent to search. Trooper Chad Guidry then walked LSP K-9 “Bruno” around the vehicle, and the dog alerted for the presence of illegal narcotics. A subsequent search revealed a large sum of U.S. currency hidden inside a VCR player in the trunk.
 

 At this point, Trooper Anderson contacted Trooper Linn to assist in the investigation and seizure of the currency. Trooper Linn observed that the currency in the VCR player was packaged in several small plastic Ziploc bags, separated by subsequent denominations with rubber bands. When removed from the bags, an odor of marijuana was detected from the currency. Trooper Linn interviewed Martin about his travel and the currency. Martin said he picked up the money from a friend in Virginia, but would not reveal the name of his friend. Martin also stated he owned two businesses — United Ekzx record label and Venducci and Vencetti T-shirt Company. However, he did not know the addresses of his businesses and could not tell Trooper Linn what his earnings were from his companies. In fact, he could not even spell his t-shirt company’s name.
 

 Based on these facts, we conclude that the State demonstrated by some credible evidence that the money was probably drug related. Martin and his passenger seemed nervous when speaking to the officer; their accounts concerning the purpose of their travel were inconsistent. Martin initially consented to the search of the vehicle, and later withdrew that consent. The canine trooper alerted to the odor of drugs, and a search of the trunk revealed a large sum of money hidden in a disabled VCR. The money was bundled by denominations, a common practice among drug dealers. Most importantly, the money had the distinct odor of marijuana when it was removed from the plastic bags. Finally, Martin could not explain the origin of the funds, offering several different stories of how he came into possession of them. Therefore, the State satisfied its burden of establishing probable cause for the forfeiture of the funds.
 
 See State v. Isaac,
 
 
 *1029
 
 31,277 (La.App. 2nd Cir.12/9/98), 722 So.2d 353, 357-58.
 

 Accordingly, although the trial court erred in sustaining the State’s exception raising the objection of no cause of action, Martin’s claim that his property was not subject to seizure and forfeiture was untimely, rendering his claim invalid under LSA-R.S. 40:2610. Furthermore, because the State met its burden of proof for forfeiture, the judgment was legally correct.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of April 9, 2009, dismissing Martin’s claim and ordering forfeiture of Forty-Six Thousand Seven Hundred and Fifty Dollars ($46,750), is affirmed. All costs of this appeal are assessed to Terrance Martin.
 

 AFFIRMED.
 

 McDONALD, J. concurs.
 

 [1]
 

 . In a very recent case, the Louisiana Supreme Court also noted that a claim is not a pleading, but addressed the claim's allegations of unconstitutionality of the Act as if the claim were a petition.
 
 State v. 2003 Infiniti G35 VIN No. JNKCV51E93M024167,
 
 09-1193 (La. 1/20/10), 27 So.3d 824, 829.
 

 [2]
 

 . However, although Martin’s claim may have stated a "cause of action,” as that term has been defined by the courts, it did not particularize the circumstances under which the money was obtained and how he came into ownership or possession of it, and therefore, did not meet the requirements for a valid claim under LSA-R.S 40:2610(B)(3), (4), (5), and (6).
 
 See State v. 2003 Infiniti,
 
 27 So.3d at 828;
 
 see also
 
 LSA-R.S. 40:2612(D).