ROLAND L. BELSOME, Judge.
| ]This appeal concerns civil forfeiture pursuant to La.Rev.Stat. 40:2601 et seq. Mr. Nathaniel White appeals an in rem judgment against his 2002 Chevrolet Trailblazer, VIN # 1GNDS13SX22169603. Judgment was entered in favor of the State of Louisiana ordering that the vehicle be forfeited to the State. For the *488 reasons that follow, we reverse the judgment of forfeiture.

FACTS AND PROCEDURAL HISTORY

On June 20, 2009, the New Orleans Police Department (“NOPD”) began an investigation after receiving a report from a confidential informant that Mr. White was selling narcotics from his residence at 1933 Elysian Fields Avenue, Apartment B. Based on the informant’s report, Detective Todd Durel had the informant make a controlled purchase of two pieces of crack cocaine from Mr. White at his residence. On June 22, 2009, after witnessing the controlled purchase, Detective Durel applied for a search warrant for Mr. White’s residence.
Before receiving the Order of Search, Detective Durel set up a surveillance of Mr. White’s residence to see if Mr. White was still selling narcotics. During the 12surveillance, Detective Durel observed Mr. White leave his residence and walk towards the parking lot. It was at this time that Mr. White was approached by a man on a bicycle. Detective Durel then witnessed Mr. White conduct a hand-to-hand transaction with the unknown man, whereby Mr. White reached in the front pocket of his pants and retrieved a small object from inside a larger bag in exchange for currency. The unknown man left the area, and Mr. White proceeded to his vehicle, a Chevy Trailblazer. While at his vehicle, Detective Durel observed Mr. White stand in the dooiway of the vehicle for a few minutes and then travel in a lake-bound direction on Elysian Fields Avenue.
Detective Durel contacted Detective Victor Grant and Detective Lawrence Jones to conduct a traffic stop on Mr. White. The officers stopped Mr. White and Detective Durel traveled to their location. Detective Durel searched Mr. White and did not feel any contraband. Detective Durel believed that contraband was stored in the vehicle, so he requested a K-9 Narcotics Unit search Mr. White’s vehicle. The narcotics canine alerted the officers that narcotics were present in the fuse box area of the vehicle. Officers recovered a large clear plastic bag from that area that contained crack cocaine. Mr. White was arrested on June 22, 2009, and charged with possession with intent to distribute cocaine.
On June 25, 2009, Agent Andrew Whitaker applied for and obtained a seizure warrant for Mr. White’s vehicle. On July 20, 2009, the district attorney commenced an in rein forfeiture proceeding against Mr. White’s vehicle. The property was seized pursuant to La.Rev.Stat. § 40:2601 et seq. based on the ^allegation it was used to facilitate the possession and distribution of cocaine in violation of La.Rev.Stat. § 40:967 and/or the vehicle was purchased with illegal proceeds from drug activity.[1] Mr. White was served with a Notice of Pending Forfeiture four days later, on July 24, 2009. Mr. White filed two claims in opposition to the forfeiture proceeding. The State filed a Peremptory Exception of *489 No Cause and/or No Right of Action alleging that Mr. White’s Request for Stipulation of Exemptions was invalid.
At the same time as the forfeiture proceeding, Mr. White was charged in a criminal proceeding by a bill of information with possession with intent to distribute cocaine, a felony in violation of La.Rev.Stat. 40:967. The forfeiture proceeding was continued until the resolution of Mr. White’s criminal trial. On June 2, 2010, a jury found Mr. White not guilty, and the verdict was entered.[2] The forfeiture proceeding resumed on June 29, 2010. The forfeiture hearing was held on August 5, 2010, in the Magistrate Section Ml of Orleans Parish Criminal District Court. On August 13, 2010, the court issued its ruling denying Mr. White the return of his vehicle. Mr. White appealed the court’s decision before a three judge panel of the Orleans Parish Criminal District Court on June 16, 2011. The Rpanel ordered that the case be transferred to a court of proper jurisdiction. This appeal to the Louisiana Fourth Circuit Court of Appeal followed.

STANDARD OF REVIEW

A trial court’s ruling in an in rem forfeiture proceeding is reviewed under the manifest error/clearly wrong standard set forth in Rosell v. ESCO, since the forfeiture proceeding is a civil proceeding governed by the Louisiana Code of Civil Procedure, La.Rev.Stat. § 40:2611(K). State v. Seventy-Seven Thousand Fourteen & No/100 ($77,014.00) Dollars (Hui Suk Perez), 607 So.2d 576, 582 (La.App. 3 Cir. 1/29/92), writ denied 612 So.2d 61 (La.1/29/93); State v. Bell, 2010-0583, p. 4 (La.App. 1 Cir. 10/29/10); 48 So.3d 1253, 1255, writ denied, 10-2629 (La.1/28/11); 56 So.3d 962; State v. Issac, 31,277, p. 4 (La.App. 2 Cir. 12/9/98); 722 So.2d 353, 356. The manifest error/clearly wrong standard does not allow an inquiry regarding whether the trial court was right or wrong, but whether its determinations were reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In the event, the trial court commits an error of law, however, the applicable standard of review is de novo. Edwards v. Pierre, 08-0177, p. 8 (La.App. 4 Cir. 9/17/08); 994 So.2d 648, 656.

ASSIGNMENTS OF ERROR

On appeal appellant, Mr. White, raises two assignments of error, which we condense: (1) the trial court erred when it found that the State proved by a preponderance of the evidence that Mr. White’s vehicle was subject to forfeiture; Rand (2) the civil forfeiture action constitutes double jeopardy against Mr. White in violation of the United States and Louisiana Constitutions.

LAW AND ANALYSIS

Civil forfeiture is the process whereby the State seizes property without compensating the owner because of the property’s connection with the commission of a crime. State v. $107,156 U.S. Currency Seized from Marlin Morton & Richard Woods, 41,090, p. 13 (La.App. 2 Cir. 6/30/06); 935 So.2d 827, 835, writ denied, 06-2271 (La.11/22/06); 942 So.2d 557. The Seizure and Controlled Dangerous Substances Property Forfeiture Act, (“Forfeiture Act”) La.Rev.Stat. § 40:2601-2622, provides procedures for the forfeiture of property that is a controlled dangerous substance, property that is furnished or intended to be furnished by any person in exchange for a controlled dangerous substance, property used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, or property that *490 constitutes proceeds from any conduct giving rise to forfeiture. State v. Property Seized from, Terrance Martin, 09-1417, p. 3 (La.App. 1 Cir. 3/30/10); 37 So.3d 1021, 1025; La.Rev.Stat. § 40:2604. The Forfeiture Act not only provides “... a process by which the State is able to have forfeited such property in a speedy, fair, and efficient manner, ... but also provides a means through which an innocent owner or interest holder can regain his property in a speedy and relatively inexpensive process.” State v. 2003 Infiniti G35 VIN No. JNKCV51E93M021467, 09-1193, p. 5 (La.1/20/10); 27 So.3d 824, 828.
|fiIn Mr. White’s first assignment of error, he contends that the trial court erred in concluding that his vehicle was subject to forfeiture under the Forfeiture Act. Mr. White’s main argument on appeal is that the State did not prove beyond preponderance of the evidence that there was a relationship between his vehicle and the alleged illegal activity or that his vehicle was purchased with the fruits of the alleged illegal activity, as required by La. Rev.Stat. § 40:2612(G).[3] Accordingly, Mr. White contends the forfeiture was improper.
The issue shall be determined by the court alone, and the hearing on the claim shall be held within sixty days after service of the petition unless continued for good cause. In a forfeiture case wherein no claim is timely filed pursuant to the provisions of this Chapter, the burden of proof to forfeit shall be probable cause. In a forfeiture case, wherein a claim is timely filed pursuant to the provisions of this Chapter, the burden of proof required to forfeit the defendant’s property shall be a preponderance of the evidence, (emphasis added)
The State submits that the trial court properly found that the State met its burden of demonstrating that the vehicle was “used or intended to be used in any manner to facilitate conduct giving rise to forfeiture” pursuant to La.Rev.Stat. § 40:2604(2)(b).[4] The State also argues that Mr. White’s assertion that forfeiture proceeding requires proof beyond preponderance of the evidence is incorrect. The State submits the appropriate burden of proof in this case was probable cause because no claim was timely filed by Mr. White pursuant to La.Rev.Stat. § 40:2612(G). In any event, however, the State argues that the burden of proof is |7irrelevant because the State met its burden under the probable cause standard and preponderance of the evidence standard.
The Forfeiture Act provides specific instructions for the seizure of property constituting proceeds of any drug-related conduct punishable by confinement for more than one year under La.Rev.Stat. § 40:961, et seq. Terrance Martin, 37 So.3d at 1025. The owner of the seized property or an *491 interest holder in the seized property may file a claim within thirty days after the Notice of Pending Forfeiture or Request for a Stipulation of Exemption with the district attorney within thirty days after the notice. Id. La.Rev.Stat. § 40:2609(A)(2).[5] This claim must comply with the requirements set forth in La.Rev. Stat. § 40:2610.[6]
The plain-language requirements for the filing of a timely, valid claim or request for stipulation are unambiguous, and the failure to follow the statutory requirements of La.Rev.Stat. § 40:2610 carry significant consequences. Infiniti, 27 So.3d at 834; Terrance Martin, 37 So.3d at 1027. The Forfeiture Act |sspecifically states that when “no request for stipulation or claim is filed timely, the district attorney shall proceed as provided in Sections 2615 and 2616.” Infiniti, 27 So.3d at 834; La.Rev.Stat. § 40:2609(C). La.Rev. Stat. § 40:2615(A) states in pertinent part that in an uncontested in rem proceeding, once the State gives proper notice and shows facts sufficient to show probable cause for the forfeiture, the court will order the property forfeited.[7] Infiniti, 27 So.3d at 834; La.Rev.Stat. § 40:2612(G). In a contested in rem proceeding, the State bears the burden of proving by preponderance of the evidence the connection between the drug trade and the seized property. Bell, 48 So.3d at 1256; State v. Green, 42,253, p. 3 (La.App. 2 Cir. 6/20/07); 960 So.2d 1270, 1272; La.Rev.Stat. § 40:2612(G).
An owner of or an interest holder in the property may elect to file a claim within thirty days after the Notice of Pending Forfeiture or a request for a stipulation of exemption with the district attorney within thirty days after the notice, but no request may be filed after a court action has been commenced by the state. The claim or request shall comply with the requirements for claims in Section 2610 of this Chapter.
The State contends that Mr. White’s Request for Stipulation of Exemptions was timely filed but was insufficient as to form and substance, thus the claim was invalid. In the present case, Mr. White was served with Notice of Pending Forfeiture by the sheriff on July 24, 2009. Mr. White, as a *492 pro se incarcerated litigant, filed a Request for Stipulation of Exemptions on August 7, 2009, within the statutorily required thirty day deadline. A subsequent claim in opposition was filed by Mr. White’s attorney, The state filed a Peremptory Exception of No Cause and/or No Right of Action alleging that Mr. White’s stipulation failed to meet the requirements under the Forfei-tare Act. A review of the record does not evidence that the trial court found Mr. White’s stipulation to be insufficient. Since Mr. |aWhite filed a timely and valid claim upon receipt of the Notice of Pending Forfeiture, the preponderance of evidence standard of proof was appropriately used by the trial court during the contradictory hearing to determine if Mr. White’s vehicle was subject to forfeiture.
Proof by a preponderance of the evidence requires the evidence to show that the fact or cause to be proven is more probable than not. State v. One (1) 1991 Pontiac Trans Sport Van, Vin # 1GMCU06D3MT20832, 98-64, p. 4 (La. App. 5 Cir. 7/9/98); 716 So.2d 446, 449 (quoting Crowell v. City of Alexandria Through Snyder, 558 So.2d 216 (La.1990)); Hanks v. Entergy Corp., 06-477, p. 19 (La.12/18/06); 944 So.2d 564, 578 (“Proof is sufficient to constitute a preponderance when the entirety of the evidence both direct and circumstantial, shows the fact sought to be proved is more probable than not.”). After reviewing the record in its entirety, we find the State failed to meet its burden of proof by preponderance of the evidence that Mr. White’s vehicle was subject to forfeiture. We also find that Mr. White’s assertion that the trial court based its decision to seize his vehicle on Judge Pittman’s denial of his motion to suppress in his criminal proceedings to be without merit.
At the forfeiture hearing, Detective Du-rel testified that he saw Mr. White conduct what he believed to be a hand-to-hand drug transaction. Detective Durel stated that an unknown male approached Mr. White and gave Mr. White currency in the exchange for some objects. Detective Du-rel testified that the unknown male fled the scene and was never arrested. Detec-five Durel admitted that he was unable |into ascertain with certainty if the unknown male purchased narcotics. Mr. White then walked to his vehicle and stood in the doorway of his vehicle for a few minutes before driving away. Detective Mr. White testified that Mr. White did not make any furtive movements while standing in the doorway of the vehicle. NOPD conducted a traffic stop a few blocks away and retrieved a bag of narcotics from the fuse box of Mr. White’s vehicle.
We find that the State failed to establish that the vehicle was used or intended to be used in any manner to facilitate Mr. White selling narcotics. Although we recognize that narcotics were found, the evidence in this record is insufficient to show that the vehicle was being used to facilitate Mr. White in selling narcotics. The narcotics were found in the vehicle’s fuse box. Drivers do not have access to the fuse box when the vehicle’s door is closed. Detective Durel testified that he did not see Mr. White make any furtive movements to indicate that he was hiding or retrieving narcotics in the vehicle after the alleged hand-to-hand narcotic transaction. Moreover, Detective Durel never located the alleged customer to find out if in fact Mr. White sold him narcotics. These facts coupled with Mr. White’s acquittal of the criminal charges at the center of the forfeiture of his vehicle further supports that the forfeiture was improper.
Therefore, we find that the trial court erred when it determined that the State proved by a preponderance of the evidence Mr. White’s vehicle was subject to forfei *493 ture. The resolution of Mr. White’s first assignment of error is dispositive, thus, there is no need to address whether the forfeiture of Mr. White’s vehicle lnviolated the Double Jeopardy Clause of the United States and Louisiana Constitutions. DECREE
For the foregoing reasons, the August 18, 2010, judgment ordering forfeiture of Mr. White’s 2002 Chevrolet Trailblazer, VIN number 1GNDS13SX22169603, is reversed. We hereby order that the seized vehicle be returned to Mr. White.
REVERSED AND RENDERED

. La.Rev.Stat. § 40:967 provides in pertinent part:
A. Manufacture; distribution. Except as authorized by this Part I or by Part VII-B of Chapter 5 of Title 402 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce,
manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule ii:
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
[[Image here]]

. The case number was 489-749.

. La.Rev.Stat. § 40:2612(G) provides:

. La.Rev.Stat. § 40:2604 provides in part:
The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:
(1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.
(2) All property that is either:
(a) Furnished or intended to be furnished by any person in exchange for a controlled substance in violation of R.S. 40:961 etseq.
(b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
(3) Proceeds of any conduct giving rise to forfeiture.
[[Image here]]

. La.Rev.Stat. § 40:2609(A)(2) provides:

. La.Rev.Stat. § 40:2610 provides:
A. Only an owner or an interest holder in property seized for forfeiture may file a claim, and shall do so in the manner provided in this Section. The claim shall be mailed to the seizing agency and to the district attorney by certified mail, return receipt requested, within thirty days after Notice of Pending Forfeiture. No extension of time for the filing of a claim shall be granted.
B. The claim shall be in affidavit form, signed by the claimant under oath, and sworn to by the affiant before one who has authority to administer the oath, under penalty of petjuiy or false swearing and shall set forth all of the following:
(1) The caption of the proceedings as set forth on the Notice of Pending Forfeiture or petition and the name of the claimant.
(2) The address where the claimant’s interest in property.
(3) The date, identity of the transferor, and the circumstances of the claimant’s acquisition of the interest in the property.
(4) The specific provision of this Chapter relied on in asserting that the property is not subject to forfeiture.
(5) All essential facts supporting each assertion.
(6) The specific relief sought.

.La.Rev.Stat. § 40:2615(A) provides:
If no claims are timely filed in an action in rem, the district attorney may apply for an order of forfeiture and allocation of forfeited property pursuant to Section 2616 of this Chapter. Upon determination by the court that the district attorney’s written application establishes the court’s jurisdiction, the giving of proper notice, and facts sufficient to show probable cause for forfeiture, the court shall order the property forfeited to the state.