PER CURIAM.
| T Granted. The decision of the court of appeal is reversed and the district court’s judgment of forfeiture is reinstated.
Following a traffic stop during which the police recovered a plastic bag containing crack cocaine from the fuse box area of respondent’s 2002 Chevrolet Trail Blazer, the state initiated both criminal proceedings for possession of cocaine with intent to distribute, La.R.S. 40:967(A)(1), and in rem civil forfeiture proceedings against his vehicle seized pursuant to La.R.S. 40:2606. The criminal case ended in an acquittal but the forfeiture proceedings led to a judgment by the Magistrate Judge for the Orleans Parish Criminal District Court denying respondent’s claim for return of his vehicle and ordering the Trail Blazer forfeited.
Evidence presented in the forfeiture hearing established that several days before instigating the traffic stop of respondent’s vehicle, Detective Todd Durel acted on a tip from a confidential informant and orchestrated a controlled purchase of two rocks of cocaine made by the same informant from respondent in ^respondent’s residence. Durel applied for a search warrant and two days later, during a pre-warrant surveillance, observed a hand-to-hand exchange occurring outside of the residence involving respondent and an individual who arrived on the scene and departed riding a bicycle. In return for currency provided by the individual, respondent pulled a large plastic bag out of *395 his pocket, retrieved a small object from the bag, and handed it to the unidentified man. Durel had only one take-down team in the area and he allowed the bicyclist to leave the scene unimpeded to maintain his focus on respondent. Following the exchange, respondent walked directly over to his truck, stood by it for a few minutes, and then drove away. The detective alerted other officers who stopped respondent within a few blocks and waited for Durel to arrive on the scene. When Durel arrived, he frisked respondent, and, after failing to detect the plastic bag he had seen respondent pull from his pants pocket, called for a drug detection dog to inspect the vehicle in an attempt to locate the missing bag. The dog’s alert on the fuse box area of the truck led to recovery of the contraband, respondent’s arrest, and seizure of the vehicle. Durel testified that the plastic bag retrieved from the fuse box area of the truck was the same plastic bag he had observed respondent pull out of his pants pocket in conducting the exchange with the bicyclist.
The court initially deferred ruling on the forfeiture issue because it had doubts about the legality of the search of the vehicle. However, once the court satisfied itself that the search question had been resolved against respondent in the prior criminal case, it ordered the vehicle forfeited.
On appeal of the civil judgment, the Fourth Court took as its premise that respondent had timely filed a claim for his vehicle after the state filed a notice of forfeiture and therefore considered whether the state had proved by a preponderance of the evidence grounds for forfeiture. La.R.S. 40:2612(G) (“In a|sforfeiture case, wherein a claim is timely filed pursuant to the provisions of this Chapter, the burden of proof required to forfeit the defendant’s property shall be a preponder-anee of the evidence.”). The court of appeal further acknowledged that state may forfeit property “[ujsed or intended to be used in any manner to facilitate conduct giving rise to forfeiture,” La.R.S. 40:2604(2)(b), and that such conduct includes “[a]n act or omission punishable by confinement for more than one year under R.S. 40:961 et seq. [Uniform Controlled Dangerous Substances Law] whether or not there is a prosecution or conviction related to the act or omission.” La.R.S. 40:2603(1). The Fourth Circuit panel nevertheless concluded that the state had not carried its burden under La.R.S. 40:2604(2)(b) because it had “failed to establish that the vehicle was used or intended to be used in any manner to facilitate Mr. White selling narcotics.” State v.2002 Chevrolet Trail Blazer, 11-1088, p. 10 (La. App. 4 Cir. 4/25/12), 91 So.3d 487, 492. The court specifically observed that the police “did not see Mr. White make any furtive movements to indicate that he was hiding or retrieving narcotics in the vehicle after the alleged hand-to-hand narcotic transaction” and “never located the alleged customer to find out if in fact Mr. White sold him narcotics.” Id. The court of appeal also considered respondent’s acquittal in the criminal case as “further support[ ]” for its conclusion that “the forfeiture was improper.” Id. The court of appeal thereby ordered the seized vehicle returned to respondent and pretermitted his second assignment of error claiming that the forfeiture proceedings violated the Double Jeopardy Clauses of the United States and Louisiana Constitutions.
We agree with the court of appeal that the evidence adduced in the forfeiture hearing did not support a finding that, more probably than not, respondent used the Chevrolet Trail Blazer to facilitate his sale of the rocks of cocaine in his possession, either to the confidential informant *396 whose controlled purchase from |4him led to the issuance of a search warrant for his residence, or to the bicyclist shortly before respondent’s arrest. Hanks v. Entergy Corp., 06-0477, p. 19 (La.12/18/06), 944 So.2d 564, 578 (“Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact sought to be proved is more probable than not.”). However, we also agree with the state that there was evidence provided by the testimony of Detective Durel that after conducting the exchange with the bicyclist, defendant, more probably than not, hid the plastic bag remaining in his possession in his truck when he drove away, given the detective’s testimony that the bag was the same plastic bag retrieved by the police from the fuse box area of the vehicle and found to contain crack cocaine. Defendant retained dominion and control over the cocaine by virtue of his dominion and control over the vehicle, State v. Major, 03-3522, p. 8 (La.12/1/04), 888 So.2d 798, 802 (“The evidence at trial established that defendant had exercised dominion and control over the cocaine hidden underneath the dashboard of the car by virtue of his dominion and control over the vehicle as the driver and professed renter.”) (citations omitted), and the evidence fairly supported the inference that, more probably than not, respondent knew the contents of the bag were rocks of cocaine.
We therefore subscribe to the view of the state that respondent’s use of the vehicle to conceal and transport the drugs in his possession, using the fuse box area as a convenient hiding place to retain possession of the drugs while he went about his business that might, or might not, have included additional sales of cocaine, fell within the broad compass of R.S. 40:2604(2)(b), because possession of cocaine carries a sentence in excess of one year’s imprisonment, La.R.S. 40:967(C)(2) (imprisonment with or without hard labor for not more than five years), and thus |squalifies as conduct giving rise to forfeiture for purposes of R.S. dO^OSD).[1] Moreover, defendant’s acquittal in the criminal case did not preclude the state’s subsequent forfeiture of the vehicle under a different and less rigorous standard of proof. Cf. One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972) (“The acquittal of the criminal charges may have only represented an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.... As to the issues raised, it does not constitute an adjudication on the preponderanee-of-the-evidence burden applicable in civil proceedings.”) (internal quotation marks and citations omitted); State v. Cotton, 00-0850, p. 7 (La.1/29/01), 778 So.2d 569, 575 (“‘[A]n acquittal in a criminal case does not preclude the government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof.’ ” (quoting Dowling v. United States, 493 U.S. 342, 349, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990) (citing One Lot Emerald Stones))).
*397 The decision of the Fourth Circuit is therefore reversed, the district court’s judgment of forfeiture is reinstated, and this case is remanded to the court of appeal to consider respondent’s remaining assignment of error pretermitted on original hearing.

. The broad language of La.R.S. 40:2604(2)(b) is subject only to the limitation that the violation of Louisiana's Controlled Substances Law carries a penalty in excess of one year's imprisonment, thereby precluding forfeiture of vehicles containing small amounts of marijuana. Compare United States v. One 1976 Porsche 911S, etc., 670 F.2d 810, 812 (9th Cir.1979) (Given that "[t]he courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found,” forfeiture of even an expensive Porsche sports car containing only .226 grams of marijuana in its trunk was permitted by 21 U.S.C. § 881).