ROLAND L. BELSOME, Judge.
| iQn remand, we have been directed by the Louisiana Supreme Court to consider the appellant’s second assignment of error.[1] See State of Louisiana v. 2002 Chevrolet Trail Blazer (In re: Nathaniel White), 12-1148 (La.11/16/12), 104 So.3d 394, reversing, State of Louisiana v. 2002 Chevrolet Trail Blazer (In re: Nathaniel White), 11-1088 (La.App. 4 Cir. 4/25/12), 91 So.3d 487. We are presented with the following question: Is it a violation of the Double Jeopardy Clause to execute a civil forfeiture of property on the same set of facts and circumstances that resulted in an acquittal in a correlating criminal trial?

*549
FACTS

Subsequent to a traffic stop, Nathaniel White was arrested for possession of contraband in his vehicle fuse box.[2] The State obtained a seizure warrant for Mr. White’s vehicle and later instituted forfeiture proceedings alleging that the vehicle was used to facilitate a drug offense. Meanwhile, Mr. White was charged by bill 1 gof information in a criminal proceeding with possession with intent to distribute cocaine in violation of La. R.S. 40:967. The forfeiture proceeding was not disposed of until after defendant was tried and acquitted on the criminal charge.

DISCUSSION

Mr. White contends that the forfeiture of his interest in the Trail Blazer constitutes a violation of his double jeopardy protections against being twice placed in jeopardy for the same offense. U.S. Const. Amend. V and La. Const. Art. I, § 15; State v. Smith, 95-0061, p. 3 (La.7/2/96), 676 So.2d 1068, 1069. It has been widely recognized that double jeopardy protects against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. Id. “The protection against multiple punishments prohibits the Government from ‘punishing twice, or attempting a second time to punish criminally for the same offense.’ ” Witte v. United States, 515 U.S. 389, 396, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351 (1995) (citing Helvering v. Mitchell, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938)).
Here, we are presented with a forfeiture proceeding based upon an alleged criminal act that the accused was ultimately acquitted of in a separate criminal trial. The Louisiana Supreme Court recently addressed a similar forfeiture of personal property where no arrest had been effected. In State v. $144,320.00, 12-466 (La.12/4/12), 105 So.3d 694, the State seized and eventually was granted forfeiture of $144,320.00, which was found in the floorboard of a vehicle being driven by Tina Beers. Ms; Beers was stopped for a traffic violation and consented to a vehicle search. Ms. Beers and the currency were brought to the police station |3where a canine unit alerted to drug residue on the currency. Initially, Ms. Beers indicated that the money was not hers and signed a Notice of Disclaimer of Ownership,- and waived notice of forfeiture. Once a forfeiture proceeding was instituted, both Beers and her sister requested release of the property and filed affidavits alleging that the money was their savings and that they did not receive notice of the impending forfeiture proceeding.
The trial court ultimately found probable cause for the forfeiture and granted the State’s motion to strike the claims finding there was insufficient evidence to support the assertion that the money was an accumulated savings. . In finding there was no probable cause for the forfeiture, the court of appeal reversed relying upon the fact that narcotics were not discovered in Ms. Beers’ vehicle and that she was not charged with any crime. The Louisiana Supreme Court reversed the appellate court and held that it is not necessary to prove that the person from whom the property was seized committed a drug offense, only that the seized property was related to the offense. $144,320.00, 12-166 at 7-8.
*550 This holding suggests that if a person cannot trace their acquisition of property, the State may take it through forfeiture proceeding, by offering remote evidence regarding a possible connection to criminal activity. Although the activity could have easily occurred while the money was in the possession of another person, this did not sway the Court. While the connection between the drugs and money was very remote, Ms. Beers was nevertheless required to substantiate her acquisition. Her explanation was dismissed by the fact finder as well as the Supreme Court.
Our analysis of Mr. White’s argument must be made in light of our Supreme Court’s more liberal interpretation of the forfeiture law where a party has not been |4charged with a crime. Although the Louisiana Supreme Court’s holding seems fundamentally penal in nature, the United States Supreme Court has reviewed the issue and found that civil in rem forfeitures do not impose punishment for double jeopardy purposes. United States v. Ursery, 518 U.S. 267, 297, 116 S.Ct. 2135, 2152, 135 L.Ed.2d 549 (1996) (Justice Stevens concurring in part, dissenting in part).
Admittedly, it is difficult to reason that this practice does not constitute a criminal penalty raising due process and double jeopardy concerns. Setting what is truly a criminal forfeiture proceeding in the context of a pseudo-civil setting is a legal fantasy based on the premise that the property in question is a party to the action rather than the property owner.
The evolution of criminal/civil forfeitures has been diagramed in an Iowa Law Review which calls the entire practice into question. Historically, these types of proceedings were used when vessels traveling on the high seas were engaged in piracy or the slave trade, in situations where either the owner of the property was unknown or the government could not exercise personal jurisdiction over the person. See Susan R. Klein, Civil In Rem Forfeiture and Double Jeopardy, 82 Iowa L.Rev. 183, 188-200, (1996). Yet, these proceedings are progressively taking place against a known accused, who is also the owner of the property. Id. at 205-07. Prosecutors are now bringing forfeiture actions to gain numerous procedural advantages and to take a second shot at a criminal defendant despite double jeopardy prohibitions against multiple punishments and successive prosecutions. Id. at 218.
Justice Stevens noted in his partial dissent that “Congress and state legislatures have armed them law enforcement authorities with new powers to |Bforfeit property that vastly exceed their traditional tools.” Ursery, 518 U.S. at 300, 116 S.Ct. at 2153.
Justice Stevens further discussed the Court’s previous holding in Austin v. United States, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), where the Court held that the government’s power to civilly forfeit property used to facilitate a drug offense is limited by the Eighth Amendment’s Excessive Fines Clause because, even in a civil in rem action, the forfeiture acts in part as a governmént punishment of the owner of such property. Ursery, 518 U.S. at 303, 116 S.Ct. at 2154.
In reference to the Austin Court, Justice Stevens observed the following:
In reaching the conclusion that the civil forfeiture at issue yielded punishment, the Austin Court surveyed the history of civil forfeitures at some length. That history is replete with expressions of the idea that forfeitures constitute punishment. But it was not necessary in Austin, strictly speaking, to decide that all in rem forfeitures are punitive. As Justice SCALIA emphasized in his separate opinion, it was only necessary to charac *551 terize the specific ‘in rem forfeiture in this case.’ ... The punitive nature of [federal in rem forfeitures] was accepted by every Member of the Austin Court. The majority offered several reasons for its holding. The applicable provisions expressly provided an “innocent owner” defense, indicating that culpability was a requirement for forfeiture. Further, the provisions tied forfeiture directly to the commission of narcotics offenses ... Finally, the legislative history indicated that the provisions were necessary because traditional criminal sanctions were ‘inadequate to deter or punish.’ Ibid. (quoting S.Rep. No. 98-225, p. 191 (1983), U.S.Code Cong. & Admin.News 1984, pp. 3182, 3374). In sum, it was unanimously agreed that “[statutory forfeitures ... are certainly payment (in kind), to a sovereign as punishment for an offense.” 509 U.S., at 626-627, 113 S.Ct., at 2814 (SCALIA, J., concurring in part and concurring in judgment) (emphasis in original).
Remarkably,- the Court today stands Austin on its head-a decision rendered only three years ago, with unanimity on the pertinent points — and concludes that [the federal forfeiture statute] is remedial rather than punitive in character. Every reason Austin gave for treating [the statute] as punitive — the Court rejects or ignores. Every reason the Court provides for treating [the statute] as remedial — Austin rebuffed. The Court ... ignores the fact that Austin reached the opposite conclusion as to the identical statute under review here.
Ursery, 518 at 310-11, 116 S.Ct. at 2158.
To find that the very same forfeiture proceedings that were' determined to be punitive by the Austin Court are now not considered to be so within the meaning of the double jeopardy clause seems illogical and profoundly unfair. The practice of allowing the institution of these two separate proceedings affords the State the opportunity to achieve successive prosecutions and punishments for the same offense, ignoring prohibitions against double jeopardy.
While Justice Stevens’ dissent is sound, we are bound by the above jurisprudence, which is clear on this issue. As an appellate court, we are charged with determining whether the court’s interpretative decision is legally correct. Glass v. Alton Ochsner Medical Foundation, 02-0412, p. 3 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 405. Accordingly, we cannot find the court’s ruling erroneous.
Therefore, the judgment of forfeiture is affirmed.
AFFIRMED ON REMAND

. Mr. White appealed the trial court’s judgment ordering his Trail Blazer forfeited. This Court reversed and ordered return of the ve-hide on grounds that the State did not prove by a preponderance of evidence that the vehicle was subject to forfeiture; therefore, it did not address Mr. White's second assignment of error regarding the issue of double jeopardy.

. At the time he was stopped, Mr. White was the subject of an ongoing narcotics investigation.