ROBERT M. MURPHY, Judge.
| gLouis Boyd, Jr. appeals the forfeiture of his pick-up truck in a state court civil proceeding. Mr. Boyd argues that the trial court erred in ordering the forfeiture of his truck because it lacked jurisdiction, it admitted hearsay testimony, and the forfeiture case did not derive from a state court narcotics conviction. For the following reasons, we reject each of these assignments and affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
On December 19, 2008, the State of Louisiana filed in a civil proceeding an application for seizure and forfeiture of Louis Boyd, Jr.’s property: a 1996 Ford Ranger pick-up truck and three items of cocaine at 0.9 grams, 0.2 grams and 0.5 grams. That application included the affidavit of Lieutenant Roddy Landry in which he testified that Mr. Boyd was engaged in the sale of narcotics on at least four occasions between May 1, 2008 and August 14, 2008 and that on at least two occasions, he used the pick-up truck at issue here. On the same filing date, the judge signed the application, and the vehicle was seized.
|sOn January 28, 2009, Mr. Boyd filed an affidavit of ownership, contending that the “subject property has not been in any way involved in any narcotics trafficking.” Thereafter, on February 17, 2009, the State filed a petition for forfeiture under La. R.S. 40:2604 seeking to have the vehicle and cocaine forfeited. On July 9,- 2012, the trial court conducted a trial on the merits and signed a judgment in favor of the State ordering a forfeiture.
LAW AND DISCUSSION
In his first assignment of error, Mr. Boyd argues that the trial court’s judgment is null and void because the trial court lacked jurisdiction. A trial court’s jurisdiction is comprised of both subject matter jurisdiction over the dispute and personal jurisdiction over the parties. See A & L. Energy, Inc. v. Pegasus Grp., 00-3255 (La.6/29/01), 791 So.2d 1266, 1275. Here, Mr. Boyd disputes both elements of jurisdiction.
On the question of subject matter jurisdiction, Mr. Boyd contends that the Louisiana trial court lost jurisdiction to conduct forfeiture proceedings when the criminal proceeding was transferred from state court to federal court on March 5, 2009. He argued that since the State did not timely move to remand the criminal case pursuant to 28 U.S.C. § 1447 within 30 days of removal, the state district court was without authority to conduct the forfeiture proceeding.
Lack of subject matter jurisdiction can be raised at any time even on appeal. Harbour v. Harbour, 95-2168 (La.App. 1 Cir.1996), 677 So.2d 700. The issue is not waived by trial. Id. A court of appeal even has a sua sponte duty to examine subject-matter jurisdiction when the parties do not raise the issue. Trunk v. Berg, 03-1120 (La.App. 5 Cir.2004), 866 So.2d 922.
Here, the basis for the trial court’s subject matter jurisdiction over this forfeiture proceeding is authorized in the Louisiana constitution and is granted by ^statute. LA. CONST. ART. V., § 16 provides, in relevant part, that district courts will have original jurisdiction in civil matters. Further, the constitution defines civil matters *108 to include forfeiture proceedings such as those at issue in this appeal.
The following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above-described property has been rendered unavailable.
LA. CONST. ART. I, § 4(D) (Emphasis added).
Under this constitutional authorization, the Legislature provided that district courts have jurisdiction over forfeiture proceedings as follows:
[T]he appropriate district court has jurisdiction ... if the property for which forfeiture is sought is within this state at the time the action in filed or the courts of this state have personal jurisdiction of an owner or of an interest holder in the property.
La. R.S. 40:2602.
In this appeal, Mr. Boyd argues the trial court surrendered its civil subject matter jurisdiction over the forfeiture proceeding when the criminal matter was transferred to federal court. We disagree.
The conduct giving rise to forfeiture includes any act or omission in violation of R.S. 40:961, et seq. (Uniform Controlled Substances Law), “regardless of whether there is a prosecution or conviction related to the act or omission.” La. R.S. 40:2603(3); See State v. 2002 Chevrolet Trail Blazer, 12-1148 (La.11/16/12), 104 So.3d 394 (holding that even an acquittal in a criminal case will not preclude the State’s subsequent forfeiture of the vehicle); State v. Property Seized from Terrance Martin, 09-1417 (La.App. 1 Cir. 3/10/10), 37 So.3d 1021 (holding that the State can seize assets without even bringing a criminal chai'ge). Additionally, Louisiana’s statutory drug forfeiture law does not provide an exception from | forfeiture for prior criminal convictions of any sort, federal or State. La. R.S. 40:2605.
Based on this, we find that the matter at bar, the forfeiture of the pick-up truck and cocaine, is an independent civil matter and that its pursuit in State court does not depend on any criminal conviction or even prosecution, in any court.[1] Therefore, we find that the trial court had subject matter jurisdiction over this matter, that the trial court did not lose subject matter jurisdiction over this matter because of other criminal proceedings, and that Mr. Boyd’s argument on this point is without merit.
On the question of personal jurisdiction, Mr. Boyd argues that the State trial court lacked jurisdiction over him sufficient to render it order forfeiting his truck. On examination of the record, we find that Mr. Boyd waived any objection to the trial court’s personal jurisdiction over him when he filed his affidavit denying his truck’s involvement in drug sales without making an objection to the proceedings. *109 The trial court’s personal jurisdiction of the owner is another ground for jurisdiction of the forfeiture proceedings. La. R.S. 40:2602.
A court may gain the authority to render a personal judgment against a party to the proceedings if that party submits to the authority of the court either by commencing an action or by waiving the objection to jurisdiction by failing to timely file the declinatory exception of lack of personal jurisdiction. La. C.C.P. art. 6(3). In order to timely assert such a declinatory exception, La. C.C.P. art. 928(A), in relevant part, mandates that the exception be pled
prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as | ficounsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment.
Here, Mr. Boyd filed his claim for exemption under La. R.S. 40:2610 and answered the petition for forfeiture without objecting to the exercise of personal jurisdiction by the trial court. Because of this, we find Mr. Boyd failed to timely assert his declinatory exception of lack of personal jurisdiction and that he therefore waived this ground for objection.
For these reasons, we find the trial court had both subject matter jurisdiction over this matter and personal jurisdiction over Mr. Boyd. Therefore, Mr. Boyd’s assignment regarding jurisdiction is without merit.
In his second assignment of error, Mr. Boyd argues that the State trial court erred in admitting hearsay from State witness Officer Marlon Shuff. Mr. Boyd avers that Shuffs testimony that defendant distributed cocaine is baseless as he did not witness him exchange drugs and he offered no audio or video evidence at trial in support of his contentions. The State responds that unrefuted evidence in support of the forfeiture was set forth in Lt. Landry’s affidavit attached to the application for seizure and forfeiture in evidence.
A court of appeal may not set aside a finding of fact by a trial court in the absence of manifest error or unless it is clearly wrong. State v. Bell, 10-0583 (La.App. 1 Cir. 10/29/10), 48 So.3d 1253, writ denied, 10-2629 (La.1/28/11), 56 So.3d 962 (applying manifest error standard to trial court’s determination in a drug forfeiture case). Here, this Court cannot say that the trial court was manifestly erroneous or clearly wrong in relying on the affidavit or ordering forfeiture under La. R.S. 40:2601, et seq.
|7In his third and final assignment of error, Mr. Boyd argues the State trial court erred in rejecting his claim that the State has no right to forfeited property because he was not convicted in state court. Defendant cites La. R.S. 40:2611(E) which precludes a convicted defendant from denying allegations of the criminal offense in the forfeiture proceeding. Defendant incorrectly construes this statute to mean that he must be convicted under the State statute for forfeiture to apply.
On this assignment, we find the record reflects that Mr. Boyd failed to raise this issue during the forfeiture trial before the trial court’s ruling. Objections such as this must be timely made in order to be preserved for appeal. See Massey v. Decca Drilling Co., Inc., 647 So.2d 1196 (La.App. 2 Cir.1994), writ denied, 653 So.2d 563 (La.1995) and writ denied, 653 So.2d 564 (La.1995). We hold that Mr. Boyd’s failure to make this objection at *110 trial results in this issue not being preserved for review on this appeal and that therefore, this assignment of error is without merit.[2]
CONCLUSION
For the reasons assigned herein, the judgment of the trial court forfeiting Louis Boyd, Jr.’s property is affirmed.

. We also note that in State v. 1979 Cadillac Deville, et al., 94-1077 (La.1/16/96), 667 So.2d 510, the Louisiana Supreme Court upheld the civil forfeiture of a 12-year-old vehicle on finding there is no punishment so as to invoke double jeopardy provisions of the Fifth Amendment. The forfeiture was not an overwhelmingly disproportionate civil penalty compared to damages caused by drug trafficking. Under this analysis, the forfeiture of Mr. Boyd's 12-year-old pick-up truck in this case was similarly not “punishment” to consider this matter as a second criminal prosecution.

. Even if we were to address the merits of this assignment, we would find it to be without merit. As explained above, certain conduct may give rise to forfeiture regardless of whether there is a prosecution or conviction related to that conduct. La. R.S. 40:2603(3); State v. Edwards, 00-1246 (La.6/1/01), 787 So.2d 981.