ARMSTRONG, Judge.
We grant certiorari to consider the correctness of a trial court ruling quashing a bill of information filed by the State charging defendant, Warren Armstead Sr., with being a habitual offender.
Defendant was charged by bill of information with three counts of distribution of cocaine, violations of La.R.S. 40:967(B)(1), and one count of possession of more than 200 grams but less than 399 grams of cocaine, a violation of La.R.S. 40:967(F)(2). The defendant plead guilty as charged to all four counts. The trial court sentenced him to serve four years at hard labor on each count, to run concurrently to each other and to a federal sentence he is presently serving.[1]’[2] The State filed a habitual offender bill of information which was quashed by the trial judge. It is from this ruling that the State now seeks relief.
The transcript of the sentencing hearing reflects that the trial court quashed the habitual offender bill because sentencing defendant as a habitual offender would violate a plea bargain agreement allegedly entered into between the State and defendant. The court noted that the State had previously agreed that defendant would receive four years on each count to run concurrent.
The State argues in its writ application that it “took no position to the sentence of four years and there was no mention of an agreement on the filing of a [habitual offender information].” However, in the colloquy between the court and an assistant district attorney who was present at defendant’s sentencing hearing, the prosecutor implicitly admitted that in fact the State had earlier agreed that defendant would receive four years on each count to run concurrent.
A bill of information charging a defendant as a habitual offender does not charge a defendant with a criminal offense. State v. Langendorfer, 389 So.2d 1271 (La.1980). The filing of such a bill of information is simply the method available to the State to inform the court of the defendant’s record and to request an enhancement of the sentence being meted out for a criminal offense. State v. Dean, 588 So.2d 708 (La. App. 4th Cir.1991), writ denied, 595 So.2d 652 (La.1992).
When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to have been a part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983); State v. McFarland, 578 So.2d 1014 (La.App. 4th Cir.1991).
In the instant case, the State agreed that defendant would receive four years on each count to run concurrently if he plead guilty to the offenses charged. If the State wished to file a bill of information charging defendant as a habitual offender in order that he receive an enhanced sentence for the four offenses, it should have clearly *427 and expressly reserved its right to do so. The trial court correctly quashed the habitual offender bill of information and enforced the plea agreement.
For the foregoing reasons, we affirm the judgment of the trial court!
WRIT GRANTED; JUDGMENT AFFIRMED.

. The defendant was sentenced after the effective date of the Louisiana Sentencing Guidelines, La.S.G. § 101, et seq. While the guidelines are not mandatory, (La.C.Cr.P. art. 894.-1(A); La.S.G. § 102(J)), La.C.Cr.P. art. 894.1(A) requires the sentencing judge to consider the sentencing guidelines in determining the appropriate sentence to impose. La.S.G. § 301 allows the parties to stipulate to the appropriate "cell” within the guidelines grid as part of the plea agreement; however, that was not done in the present case nor did the trial court mention the guidelines before imposing sentence.

. His sentence as to the violation of La.R.S. 40:967(F)(2) was reduced pursuant to La.R.S. 40:967(G)(2) (in effect when the crime was committed, but repealed by Acts 100, of the 1991 Regular Session of the Louisiana Legislature) because of his cooperation with federal authorities.