JiDOUCET, Chief Judge.
This is an appeal from a default judgment rendered in favor of the State of Louisiana against the appellants, Michael Zenon and Lois Breaux, for the forfeiture of property seized by the state pursuant to La.R.S. 40:2601 et seq. in connection with their arrest and conviction for possession and distribution of marijuana.
A confidential informant (Cl) told Detective Kerry Davis of the Jeanerette Police Department that a subject with whom the Cl was dealing was able to purchase marijuana from a residence located at 103 S. Refinery Street. On September 23, 1992, Davis passed the information to Detective John Babin of the Lafayette Metro Narcotics Unit. Subsequently, Babin met with Detective Davis and the Cl and a buy was arranged. *695 The informant was given $375.00 in marked police money. He picked up a buyer, went to 103 S. Refinery Street and made the buy. Upon their return from the | ¿residence, the buyer was searched by the Lafayette Metro Narcotics Unit. He was found to be in possession of marijuana. The buyer told Babin that he had purchased the marijuana at 103 S. Refinery Street.
Lafayette Metro Narcotics Unit agents went to 103 S. Refinery Street. Inside the residence, they found four persons who were detained and patted down. Agents found Zenon, who resided at the house, in possession of marijuana and the marked police money.
At this time, the agents obtained a search warrant to search the residence located at 103 S. Refinery Street. Upon executing the search warrant, the agents seized the following items:
• $15,431 in U.S. currency,
• one triple beam balance scale,
• one white detecto scale model # T10,
• one red and white Igloo ice chest,
• one Lil Oscar chest orange and white in color,
• one 1991 gray four-door Oldsmobile,
• one 1980 blue Ford pickup truck, and
• approximately ten pounds of marijuana.
The defendants-appellants, Michael Zenon and Lois Breaux, were arrested. Zenon was charged with possession of marijuana with intent to distribute. Breaux was charged with possession of marijuana. Pursuant to plea agreements, both defendants pled guilty to the charges on September 20,1993.
On October 17, 1994, the state filed a petition for forfeiture which was served upon the defendants. In the petition, the state sought to obtain forfeiture of the $15,431.00, the 1991 Oldsmobile, the 1980 Ford pickup truck, the two scales, and approximately 10 pounds of marijuana. The defendants, Zen-on and Breaux, did not answer the petition. A preliminary default was entered on December 1,1994.
Confirmation of the default judgment in favor of the state was taken on March 14, 1995. On April 11, 1995, the trial court amended the judgment based upon [.■¡calculation errors. See La.Code Civ.P. art 1951. On April 12, 1995, the defendants appealed asserting the following assignments of error:
1) The trial judge erred in rendering the default judgment against them because the record was devoid of proof of service as required by La.R.S. 40:2608; and
2) The trial judge erred in finding that the state had proven, in a default judgment, a prima facie case for the forfeiture of appellants’ cash, scales, and automobiles.
SERVICE OF NOTICE OF FORFEITURE
The appellants contend that the proof of service of the notice of pending forfeiture was not contained in the record and that, therefore, the default judgment was improperly granted.
La.R.S. 40:2608, which sets forth the service requirements for asset forfeitures, states, in pertinent part:
(3) Whenever Notice of Pending Forfeiture or service of an in rem petition is required under the provisions of this Chapter, notice or service shall be given in accordance with one of the following:
(a) If the owner’s or interest holder’s name and current address are known, by either personal service or by mailing a copy of the notice by certified mail to that address.
[[Image here]]
The proof of service for both defendants was introduced into evidence at the confirmation hearing which took place on March 14, 1994. The trial court record contains both returns of service and reflects that both defendants were served with the original notice of pending forfeiture. No other issues regarding proof of service have been raised by appellants.
Therefore, we find that there is no merit to this assignment of error.
UDEFAULT JUDGMENT
Appellants further contend that the state, in confirming the default judgment, did *696 not establish a prima facie ease for the forfeiture of property seized at the time of arrest.
The second circuit, in Meshell v. Russell, 589 So.2d 86, 88 (La.App. 2 Cir.1991), set forth the burden of proof in confirming a default judgment, as follows:
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702. The jurisprudence construing this article has held that in confirming a default plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. In other words, plaintiff must present competent evidence she probably would have prevailed at a trial on the merits. In order to obtain reversal of a default judgment, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence. In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where the testimony is transcribed and con- • tained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment is based was sufficient and competent. [Emphasis added.]
See also Byrd v. International Paper Co., 594 So.2d 961 (La.App. 3 Cir.1992); Rhodes v. All Star Ford, Inc., 599 So.2d 812 (La.App. 1 Cir.1992).
In order to determine whether the evidence offered in support of the default judgment was sufficient, this court must interpret the plea agreements entered into between the appellants and the state, particularly, the following clause:
The defendant by accepting this sentence by his signature above shall voluntarily agree to the forfeiture, under LSA 40:2601, et seq., all of the items appearing in the attached lab report.
The above words, “appearing in the attached lab report”, were written in the right margin of both plea agreements and the words “seized in connection with the offense docketed, by order of the court herein” were scratched out. The only items that | Bappear in the lab report are the bags of marijuana and marijuana residue seized at the time of arrest. The lab report does not include the cash, scales, or automobiles.
At the confirmation hearing, counsel for the state questioned Detective John Babin, who participated in the arrest of the defendants. The testimony reads, in pertinent part:
Q. And what was at the residence, please?
A. We located an amount, a large amount of marijuana and approximately $15,-000 cash.
Q. And what condition was the cash in? A. The cash was in bundles located in a cup in the bedroom of the residence. Q. And was it in $1,000 increments?
A. Yes it was.
Q. And were two automobiles seized also? A. Yes.
Immediately after the above line of questioning, the following colloquy took place between counsel for the state and the court:
MR. WILLIAMS: ... I would also offer to introduce and file into evidence the plea agreement wherein the parties to this matter consented to the forfeitures of the aforementioned items as well as the reports of the Department of Labor showing that the respected parties had no legitimate income as a source for the funds that were seized in this matter as proceeds. And we would pray for judgment.
THE COURT: Judgment granted.
(Emphasis added.)
The appellants contend that they did not consent to the forfeiture of the cars, cash, and scales as the state claims. They assert that the plea agreement clearly states to the contrary and that only the marijuana contained in the lab report should have been forfeited pursuant to the default judgment.
The state offered the plea agreement into evidence. The language of the document shows that the appellants agreed only to the voluntary forfeiture of the items contained in *697 the lab report, i.e., the marijuana. Nevertheless, counsel for the state then 16Stated to the court that the plea agreement contained the defendants’ consent to the forfeiture of the “aforementioned items”, i.e., the marijuana, cash, scales, and vehicles. In essence, the state introduced evidence, via the plea agreement, which contradicted the argument of the state’s counsel set forth above. It is clear from the inconsistencies revealed in the evidence and testimony presented that the default judgment was neither competent nor sufficient in proving consent of the parties as mandated by Russell, 589 So.2d 86.
Normally, the state does not need the defendants’ consent to forfeit contraband or derivative contraband pursuant to La.R.S. 40:2601, et seq. La.R.S. 40:2604 sets forth, in pertinent part, the property subject to seizure as follows:
The following property is subject to seizure and forfeiture as contraband, derivative contraband, or property related to contraband under the provision of Section 4 of Article I of the Constitution of Louisiana:
(1) All controlled substances, raw materials, or controlled substance analogues that have been manufactured, distributed, dispensed, possessed, or acquired in violation of R.S. 40:961 et seq.
(2) All property that is either:
[[Image here]]
(b) Used or intended to be used in any manner to facilitate conduct giving rise to forfeiture, provided that a conveyance subject to forfeiture solely in connection with conduct in violation of R.S. 40:961 et seq. may be forfeited only pursuant to the provisions of this Chapter.
(3) Proceeds of any conduct giving rise to forfeiture.
Furthermore, La.R.S. 40:2611(G) states the following:
The fact that money or a negotiable instrument was found in proximity to contraband or an instrumentality of conduct giving rise to forfeiture shall give rise to the permissible inference that the money or negotiable instrument was the proceeds of conduct giving rise to forfeiture or was used or intended to be used to facilitate the conduct.
hThe state, in order to seize any property pursuant to the statute cited above, has to carry the initial burden of proof. The court, in State v. Cash Totalling $15,156.00, 623 So.2d 114 (La.App. 1 Cir.), unit denied, 629 So.2d 401 (La.1993), defined the state’s initial burden of proof as follows:
As with federal law, the initial burden for civil forfeiture proceedings in Louisiana is on the state to show probable cause for forfeiture; not cause for seizure, but for forfeiture. See LSA-R.S. 40:2612G. To support a finding that probable cause exists for forfeiture of property, the evidence presented by the state must be sufficient to form a reasonable ground for the belief that the property was connected with illegal drug transactions.
Id. at 121.
Ordinarily a forfeiture proceeding is an adversarial proceeding and the consent of the defendant is immaterial regarding the state’s right to forfeit property pursuant to the authority cited above. If the state shows probable cause for seizure and the property is statutorily defined as contraband or derivative contraband, then the state has the power to involuntarily seize and forfeit the property. Therefore, under normal circumstances the state would only have needed to show the connexity between the property seized in this case to the drug-related activities of the defendants, in order to forfeit the property, regardless of the consent of the defendants.
In this case, however, consent is important because of the plea agreement entered into between the state and the appellants. We must determine whether the language of the plea agreement represents a promise by the state to limit the forfeiture to the items listed in the lab report.
Asset forfeitures under La.R.S. 40:2601, et seq., are treated as civil matters under the laws of this state. This is important because the plea agreement, normally a matter of criminal concern, now crosses over into the arena of civil liability.
*698 |8In criminal cases, much scrutiny has been given to cases in which the state has purportedly violated or attempted to violate a plea agreement. The court in State v. Carriere, 611 So.2d 781 (La.App. 4 Cir.1992), citing, State v. Hayes, 423 So.2d 1111 (La.1982) stated the following:
It is well settled that when a guilty plea is induced .by a plea bargain or by what a defendant justifiably believes is a plea bargain, and that bargain is not kept, defendant is denied due process of law because the guilty plea was not freely and knowingly given.
Carriere, 611 So.2d at 783.
Moreover, the Fourth Circuit, in State v. Armstead, 599 So.2d 425 (La.App. 4 Cir.1992), stated the following concerning prose-cutorial promises:
When a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to have been a part of the inducement or consideration, such promise must be fulfilled.
Id at 426. See also Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983); State v. McFarland, 578 So.2d 1014 (La.App. 4 Cir.1991).
In Armstead, 599 So.2d 425, the state agreed that the defendant would receive four years on each count charged, all sentences to run concurrently, if he pled guilty to the offenses charged. Subsequent to the guilty plea, the state filed a habitual offender bill of information. The bill was quashed by the trial court. The fourth circuit, in affirming the trial court’s ruling, stated that if the state wished to file a bill of information charging the defendant as a habitual offender, “it should have clearly and expressly reserved its right to do so.” Id at 426-427. (Emphasis added.)
Although Armstead concerns a criminal matter, it has ramifications for civil forfeitures when they are incorporated into criminal plea agreements as in this case. Although we have determined that the plea agreement must be enforced, and the lapromise by the state must be fulfilled, further analysis must be conducted to ascertain exactly what the plea agreement is in this case.
A plea bargain is a contract between the state and one accused of a crime. State v. Lewis, 539 So.2d 1199 (La.1989), State v. Nall, 379 So.2d 731 (La.1980). In both the Lewis and Nall cases, the court relied upon contract law principles in arriving at decisions involving plea bargains although the cases were purely of a criminal nature. Such an approach has been looked upon with approval in the federal jurisprudence. Lewis, 539 So.2d 1199. The reason to apply contract law to the issue at hand is even stronger because both of the plea bargains involve a civil forfeiture. The clause at issue in both plea agreements, as stated earlier, is as follows:
The defendant by accepting this sentence by his signature above shall voluntarily agree to the forfeiture, under LSA 40:2601, et seq., of all items appearing in the attached lab report.
The legal principles applicable to the interpretation of contracts are well settled. In Bond v. Allemand, 632 So.2d 326, 328-329 (La.App. 1 Cir.1993); writ denied, 94-718 (La. 4/29/94), 637 So.2d 468, our brethren of the first circuit, with whom we agree, stated:
Legal agreements have effect of law upon the parties, and as they bind themselves, parties shall be held to a full performance on obligations flowing therefrom. ... A party to a contract has an implied obligation to put forth a good faith effort to fulfill the conditions of the contract. ...
The courts are bound to enforce the contract as written ... Words of a contract must be given their generally prevailing meaning_ Any unclear and ambiguous contract term must be interpreted against the party who prepared the contract ... [Citations omitted.]
Additionally, we are bound to give legal effect to all written contracts according to the intent of the parties. We determine that intent by applying the generally prevailing meaning of the words in the contract, when such language is not susceptible |10to more than one interpretation or leads to absurd consequences. La.Civ.Code arts. 2045, et seq.; Miguez and Leckband (A *699 Law Partnership) v. Holston’s Ambulance Service, Inc., 614 So.2d 150 (La.App. 3 Cir.1993); and American Waste v. Sanitary Landfill Com’n, 578 So.2d 541 (La.App. 3 Cir.), writ denied, 581 So.2d 694 (La.1991).
Furthermore, “It is not within the province of the courts to relieve parties of their bad bargains.” Board of Commissioners of Port of New Orleans v. Turner Marine Bulk, Inc., 629 So.2d 1278, 1282 (La.App. 4 Cir.1993), citing Kenny v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
We find the contested clause in the contract to be simple, straightforward and not susceptible to more than one meaning, i.e. the defendant agreed to the forfeiture of all items appearing on the attached lab report only.
Accordingly, since the evidence introduced at the confirmation of default shows that the state agreed to forego the seizure of the cash, vehicles, and scales in exchange for a guilty plea from Zenon and Breaux, the trial court erred in granting a default judgment in that regard.
As a result, the trial court judgment is reversed. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be paid by the appellee.
REVERSED AND REMANDED.