STATE OF LOUISIANA

VERSUS

LANCE COWANS, ONE (1) 2003 DODGE
RAM 3500 QUAD CAB, ET AL

NO. 20-CA-112

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 79,486, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING

October 05, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Hans J. Liljeberg, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
    **JJM**
    **MEJ**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Joel T. Chaisson, II
     Louis G. Authement

COUNSEL FOR DEFENDANT/APPELLANT,
LANCE COWANS
     Frank G. DeSalvo
     Shannon R. Bourgeois

**MOLAISON, J.**

Appellant seeks review of the trial court's denial of his motion to have seized property returned in a civil forfeiture case, following this court's reversal of his criminal convictions and sentences. For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

On April 2, 2015, in connection with appellant, Lance Cowans', February 1, 2015 arrest for possession of between sixty and two thousand pounds of marijuana (count one)[1], and possession of Schedule II controlled dangerous substances (count three)[2], the District Attorney's Office for the Parish of St. Charles filed a Petition for Forfeiture in a civil proceeding relative to the items seized from appellant's home.[3] In response, appellant answered the notice of pending forfeiture and filed a verified claim to the seized items.

On April 27, 2017, under the provisions of *State v. Crosby*, 338 So.2d 584 (La. 1976), appellant pled guilty as charged to both counts in his criminal case. On May 8, 2017, defendant filed a motion for an appeal pursuant to *Crosby*, which was granted on May 12, 2017.[4]

On March 15, 2018, appellant entered into a written consent judgment with the State in the forfeiture case.[5] The consent judgment provided, in relevant part, that appellant's 2003 Ram truck would be returned to him. Cash currency in various denominations seized from appellant, totaling $36,880 (Thirty-six thousand eight hundred and eighty dollars), were allocated to three government agencies in St. Charles Parish. A cache of firearms and ammunition, cell phones, marijuana, and other assorted controlled dangerous substances were put into the

---

[1] In violation of La. R.S. 40:966(F).
[2] In violation of La. R.S. 40:967(C).
[3] The forfeiture was pending under case number 79,486 in Division "E" of the Twenty-Ninth Judicial District Court for the Parish of St. Charles.
[4] *State v. Cowans*, 17-483 (La. App. 5 Cir. 7/6/18), 251 So.3d 1185, 1189, *writ denied*, 18-1302 (La. 4/8/19), 267 So.3d 613, and *writ denied sub nom. State v. Salinas*, 18-1301 (La. 4/8/19), 267 So.3d 614
[5] A complete description of all forfeited items is provided as an appendix to this opinion, *infra*.

20-CA-112                                    1

custody of the St. Charles Parish Sheriff s Office, Special Investigation Division, for an indefinite period of time "to be destroyed and/or disposed of in accordance with law, provided, however, that such destruction and/or disposal not be carried out until such time as said items are no longer needed as evidence in criminal proceedings."[6]

On July 6, 2018, this Court, upon finding that the trial court erred in denying appellant's motion to suppress evidence and statements, reversed the trial court's denial of defendant's motion to suppress, vacated appellant's convictions and sentences, and remanded the matter to the trial court. *State v. Cowans*, *supra*.

The record before us indicates that on June 13, 2019, appellant filed a Motion For Return of Seized Property in his forfeiture case, which was denied in a judgment dated October 28, 2019, following a hearing on September 26, 2019. The instant appeal follows.

## LAW AND ANALYSIS

La. Const. art. I, § 4(D) provides authority for civil forfeiture proceedings related to certain drug-related criminal matters:

> (D) The following property may be forfeited and disposed of in a civil proceeding, as provided by law: contraband drugs; property derived in whole or in part from contraband drugs; property used in the distribution, transfer, sale, felony possession, manufacture, or transportation of contraband drugs; property furnished or intended to be furnished in exchange for contraband drugs; property used or intended to be used to facilitate any of the above conduct; or other property because the above-described property has been rendered unavailable.

La. R.S. 40:2603 further provides that any of the following conduct gives rise to a forfeiture:

> (1) An act or omission punishable by confinement for more than one year under R.S. 40:961 et seq. whether or not there is a prosecution or conviction related to the act or omission.

---

[6] On motion of the State, an amended judgment was issued on April 6, 2018 to reflect the fact the one of the $50 bills included in the seized funds was determined by the bank to be counterfeit. The amount of the remaining funds was accordingly recalculated.

(2) An act or omission occurring outside this state, which would be subject to prosecution in the place of occurrence and would be described in Paragraph (1) of this Section if the act or omission occurred in this state, whether or not it is prosecuted in any state.

(3) Any act or omission committed in furtherance of any violation of R.S. 40:961 et seq. which is punishable by confinement with or without hard labor, including any inchoate or preparatory offense, regardless of whether there is a prosecution or conviction related to the act or omission.

In the instant case, using the criteria found in La. Const. Ann. art. I, § 4(D) and La. R.S. 40:2603, we first find that the civil forfeiture action brought against appellant was permissible given the specific allegations of criminal conduct against him. Ordinarily, the burden of proof in a criminal forfeiture case is allocated to the government.[7] However, as acknowledged by appellant in his brief, "[T]he State was not forced to prove its entitlement to the items taken from Cowans that were the subject of the February of 2015 seizure because Cowans entered to a consent judgment."[8]

On appeal, appellant asserts, in summary, that he consented to the civil forfeiture as a part of a *Crosby* plea in his criminal case and, therefore, the reversal of his convictions should have the effect of voiding the consent judgment, resulting in the return of the seized items. Conversely, the State contends that because the forfeiture was the result of a consent judgment in a separate civil proceeding, the outcome of appellant's criminal case is irrelevant. The State further argues that the matter should be considered using the tenets of contract law.

---

[7] *See*, La. R.S. 40:2612.

[8] With regard to items found in appellant's residence, which were seized in connection with his arrest, we noted in appellant's criminal appeal that because there was no trial, all facts were elicited at the hearing on the motions to suppress evidence and statements, which took place on June 7, 2016. *See, State v. Cowans, supra*, at 1189. At that hearing, investigating officers gave testimony that while in appellant's home they initially discovered a large amount of marijuana in the shape of a tire. Additional narcotics, including cocaine, steroids, and pills, as well as firearms, were found after the search warrant was executed. *Id.* at 1192-93.

*A Civil Forfeiture Is Not Dependent On The Outcome Of A Criminal Case*

As indicated above, La. R.S. 40:2603 does not even require prosecution of a criminal act which led to the seizure of items. In *State v. Boyd*, 12-722 (La. App. 5 Cir. 5/16/13), 119 So.3d 105, this Court acknowledged that the validity of a civil forfeiture does not depend on the outcome of related criminal proceedings, even in the event of an acquittal:

> The conduct giving rise to forfeiture includes any act or omission in violation of R.S. 40:961, et seq. (Uniform Controlled Substances Law), "regardless of whether there is a prosecution or conviction related to the act or omission." La. R.S. 40:2603(3); See *State v. 2002 Chevrolet Trail Blazer*, 12–1148 (La.11/16/12), 104 So.3d 394 (holding that even an acquittal in a criminal case will not preclude the State's subsequent forfeiture of the vehicle); *State v. Property Seized from Terrance Martin*, 09-1417 (La. App. 1 Cir. 3/10/10), 37 So.3d 1021 (holding that the State can seize assets without even bringing a criminal charge).

*Id.* at 108. Applying these principles to the instant case, we find that the reversal of appellant's convictions, without more, is not a sufficient basis to overturn the consent judgment in appellant's civil forfeiture case.

In our prior opinion, we acknowledged that appellant's guilty pleas were made pursuant to *State v. Crosby, supra,* which allowed appellant to bargain for a reservation of a right to appeal the denial of his motion to suppress.[9] The record is clear, however, that no formal consent judgment existed until nearly 11 months *after* his plea had been tendered under *Crosby*, and approximately 10 months after his criminal appeal had been filed.

Nevertheless, if the forfeiture was part of a plea agreement, then it must be viewed as a contract between him and the State. *State v. Mitchell*, 08-629 (La. App. 5 Cir. 1/13/09), 7 So.3d 744, 751, *writ denied*, 09-0254 (La. 10/30/09), 21 So.3d 270. In determining the validity of agreements not to prosecute or of plea agreements, Louisiana courts generally refer to rules of contract law, while

---

[9] *Cowans*, 251 So.3d at 1188.

recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. *State v. Louis*, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1148.

In *State v. Fifteen Thousand Four Hundred Thirty-One Dollars & Other Prop.*, 95-1334 (La. App. 3 Cir. 3/6/96), 670 So.2d 693, the Third Circuit considered a similar issue of whether a forfeiture related to a plea agreement in a criminal case should be upheld. In that matter, the court looked to several factors, including the well-settled principles that legal agreements have effect of law upon the parties, that courts are bound to enforce the contract as written, and that courts are bound to give legal effect to all written contracts according to the intent of the parties. [10] The Court also placed a great deal of importance on the language of the plea agreement itself, and concluded that the contested clause in the contract was simple, straightforward and not susceptible to more than one meaning, and that the defendant agreed to the forfeiture of all items appearing on a specific document.

The consent judgment in the instant case, entered into between the appellant and the State on March 25, 2018 provides, in relevant part, "this has been reconciled and settled at the consent of both parties as outlined the manner described hereinafter." The judgment then goes on to provide for the return of appellant's 2003 Dodge Ram truck by the State, after which the remainder of the items seized were dispersed to various government entities in St. Charles Parish. The judgment does not reference appellant's guilty pleas in his criminal case or contain any kind of reservation of rights whatsoever on the part of appellant. Nowhere in the judgment is it stipulated that appellant's forfeiture of the items is void should his convictions be overturned.

In our review of the entirety of the consent judgment, we find that the only express obligation created on part of the State was for it to return appellant's

---

[10] *Id*. at 698.

vehicle to him. On the face of the consent judgment itself, appellant's forfeiture is without condition or predication.

## CONCLUSION

Although appellant's civil forfeiture of assets could be made part of a plea agreement with the State, the result of a civil forfeiture is generally not determined by the outcome of any criminal proceedings. Thus, the terms of the consent judgment in this matter exist independently of the reversal of appellant's criminal convictions. In viewing the consent judgment of forfeiture as a contract between the State and appellant, we find no language therein which identifies an agreement that the forfeiture of the items at issue is conditional upon the outcome of his criminal appeal.

Accordingly, for the foregoing reasons, we find appellant's assignment of error to be without merit.

## DECREE

The judgment of the trial court, denying appellant's motion for the return of forfeited items is affirmed.

**AFFIRMED**

THIRTY-ONE THOUSAND NINE HUNDRED EIGHTY DOLLARS ($31,980.00) JN U.S. CURRENCY (IN DENOMINATIONS OF $20 BILLS), ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400.00) IN U.S.CURRENCY (IN DENOMINATIONS OF $50 BILLS), THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) IN U.S. CURRENCY (IN DENOMINATIONS OF $100 BILLS), ONE (1) 40 CALIBER SMITH AND WESSON M&P HANDGUN WITH TWO (2) MAGAZINES AND TWENTY-EIGHT (28) BULLETS, SERIAL NUMBER MP A2791, ONE(I) .22 CALIBER DOUBLE NINE REVOLVER WITH SEVEN (7) .22 CALIBER BULLETS, SERIAL NUMBER 1250804, ONE (1) STALKER .444 MARLIN IFLE, SERIAL NUMBER 61-06-024487-12 AND ONE (1) NIKON 30 MM SCOPE, ONE (1) FRANKLIN ARMORYLIBERTAS MULTI-CALIBER RIFLE, SERIAL NUMBER R-09863 AND ONE (1) ZEISS TERRA 3X 4-12X50 SCOPE, ONE (1) BROWNING 12 GAUGE INVECTOR-PLUS CITORI SHOTGUN, SERIAL NUMBER 19462NN131, ONE (1) SAVAGE .17 HMR RIFLE MODEL 93Rl 7, SERIAL NUMBER 2385390 AND ONE (1) LEUJOLD VS-1, 4-12X40 SCOPE, ONE·(1) BROWNING .300 WIN MAG A-BOLD RIFLE, SERIAL NUMBER 70986N5857, AND ONE (1) NIKON 3.5-lOXSO SCOPE, ONE (1) MARLIN RIFLE, MODEL .45 CALIBER, SERIAL NUMBER 04590146 AND (1) LEUPOLD VS-1-4-12X40 SCOPE, ONE (1) REVELATION .410 CALIBER SINGLE SHOT CRACK BARREL SHOTGUN, SERIAL NUMBER 0275840, ONE (1) STAG ARMS· 5.56 CALIBER RIFLE, MODEL STAG-15, SERIAL NUMBER 160161, ONE (1) SKS NORINCO SPORTER 7.62X39 RIFLE, SERIAL NUMBER 21003379, ONE (1) BENELLI NOVA PUMP ACTION CAMO 12 GAUGE SHOTGUN, SERIAL NUMBER V130805, ONE (1) REMINGTON MODEL 742 30-06 RIFLE, SERIAL NUMBER 201345 AND ONE (1) BUSHNELL SPORTVIEW 4X-12X, 40 SCOPE, ONE (1) SAVAGE AXIS CAMO .243 CALIBER RIFLE, SERIAL NUMBER J335593 AND ONE (1) BUSHNELL 3X-9X40 78-3945 SCOPE, ONE (1) SAVAGE MODEL 94 20 GAUGE SHOTGUN, SERIAL NUMBER P627909, ONE (1) REMINGTON SPORTSMAN 20 GAUGE SHOTGUN, SERIAL NUMBER 266650X, ONE (1) MOSSBERG 835 MODEL 12 GAUGE CAMO SHOTGUN, SERIAL NUMBER UM217341, ONE (1) ENCORE 25-06 CALIBER RIFLE, SERIAL NUMBER S32655 AND ONE (1) LEUPOLD VS-1113.5-JOXSOM SCOPE, ONE (1) ENCORE 209X50 MAGNUM BLACK POWDER UPPER RECEIVER AND ONE (1) NIKON MONARCH 3.5-10X50 ·SCOPE, ONE (1) BLACK LG TRACFONE, MODEL NUMBER GP1G840GB, SERIAL NUMBER 301CQQX444052, ONE (1) LG TRACFONE, MODEL NUMBER GOQG840GB, SERIAL NUMBER401CQCU396467, ONE (1) SAMSUNG GALAXY NOTE 3, MODEL NUMBER SM-N900P, SERIAL NUMBER 256691512400473205, ONE (1) MICHELIN TIRE WITH ALLOY RIM WHICH WAS CUT ALONG THE SIDE, APPROXIMATELY THREE TENTHS (.3) OF A GRAM OF MARIJUANA, APPROXIMATELY SEVENTY-EIGHT AND TWENTY-FOUR HUNDREDTHS (78.24) POUNDS OF MARIJUANA, APPROXIMATELY TWENTY-SIX AND NINE TENTHS (26.9) GRAMS OF MARIJUANA, APPROXIMATELY THREE HUNDRED EIGHTY-SIX AND ONE TENTH (386.1) GRAMS OF MARIJUANA, APPROXIMATELY TWENTY-SEVEN AND EIGHT TENTHS (27.8) GRAMS OF HIGH-GRADE MARIJUANA, APPROXIMATELY TWENTY-THREE AND ONE-TENTH (23.1) GRAMS OF HIGH GRADE MARIJUANA, APPROXIMATELY SEVEN AND TWO-TENTHS (7.2) GRAMS OF HIGH-GRADE MARIJUANA, APPROXIMATELY

THREE TENTHS (.3) OF A GRAM OF MARIJUANA, APPROXIMATELY FIVE AND ONE-TENTH (5.1) GRAMS OF COCAINE, APPROXIMATELY THIRTEEN (13) DOSAGE UNITS OF XANAX, APPROXIMATELY TWENTY-TWO (22) DOSAGE UNITS OF ADDERALL, APPROXIMATELY THREE (3) DOSAGE UNITS OF TRAZADONE, APPROXIMATELY TWO (2) DOSAGE UNITS OF OXYCODONE, APPROXIMATELY FOUR (4) DOSAGE UNITS OF SOMA, APPROXIMATELY FOUR (4) DOSAGE UNITS OF HYDROCODONE, APPROXIMATELY ONE-HALF (.5) DOSAGE UNIT OF AN ORANGE PILL, APPROXIMATELY THIRTY-FOUR AND THREE-FOURTHS (34.75) DOSAGE UNITS OF AMPHETAMINE AND DESTROAMPHETAMINE, APPROXIMATELY FOURAND ONE HALF (4.5) DOSAGE UNITS OFDILAUDID, APPROXIMATELY ONE (1) DOSAGE UNIT OF ROXICODONE, APPROXIMATELY ONE (1) DOSAGE UNIT OF LUPIN 500, APPROXIMATELY ONE-HALF (.5) DOSAGE UNIT OF A BLUE PILL, APPROXIMATELY TWO (2) DOSAGE UNITS OF AMPHETAMINE SALTS, TWO (2) BOTTLES OF LIQUID LABELED DECA DURABOLIN 300 MG, ONE (1) BOTTLE OF LIQUID LABELED TEST CYPIONATE AND ENANTHATE 150MG, ONE (1) BOTTLE OF LIQUID LABELED BOLDENON 200, ONE (1) BRECKNELL DIGITAL WEIGHT SCALE, ONE (1) FAIRBANK DIGITAL WEIGHT SCALE, ONE (1) DIGITAL WEIGHT SCALE, ONE (1) "CD CASE" DIGITAL WEIGHT SCALE.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-112

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
LOUIS G. AUTHEMENT (APPELLEE)          FRANK G. DESALVO (APPELLANT)

**MAILED**
SHANNON R. BOURGEOIS (APPELLANT)      HON. JOEL T. CHAISSON, II (APPELLEE)
ATTORNEY AT LAW                        DISTRICT ATTORNEY
739 BARONNE STREET                     TWENTY-NINTH JUDICIAL DISTRICT
NEW ORLEANS, LA 70113                  COURT
                                       POST OFFICE BOX 680
                                       HAHNVILLE, LA 70057